# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**380**

**CA 10-01581**

PRESENT: CENTRA, J.P., CARNI, GREEN, AND GORSKI, JJ.

---

KEVIN T. STOCKER, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

2900 TRANSIT ROAD LLC, DEFENDANT-APPELLANT.

---

THE GARAS LAW FIRM, LLP, BUFFALO (JOHN C. GARAS OF COUNSEL), FOR DEFENDANT-APPELLANT.

KEVIN T. STOCKER, TONAWANDA, PLAINTIFF-RESPONDENT PRO SE.

--------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered March 10, 2010.  The order, insofar as appealed from, directed the Erie County Comptroller to distribute surplus funds to the members of defendant corporation.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is denied in part in accordance with the following Memorandum:  Defendant corporation was formed for the purpose of "acquiring, developing, operating, leasing and otherwise dealing in real estate, specifically 6024 Main Street, Williamsville, New York."  Defendant executed a mortgage with respect to that property, which was subsequently acquired by plaintiff, a member of defendant.  Plaintiff commenced the instant mortgage foreclosure action when defendant defaulted on the mortgage and, following the foreclosure sale, surplus funds were deposited with the Erie County Comptroller (Comptroller) by agreement of the parties.  Plaintiff thereafter moved, inter alia, for an order dissolving defendant corporation and directing the Comptroller to distribute the surplus funds pursuant to defendant's Operating Agreement.

As limited by its brief, defendant corporation contends that Supreme Court erred in granting that part of plaintiff's motion seeking an order directing the Comptroller to distribute the surplus funds to the members of defendant corporation in proportion to their membership interests.  We agree.  The surplus funds resulting from the foreclosure sale belong to defendant corporation (*see First Fed. Sav. & Loan Assn. of Rochester v Brown*, 78 AD2d 119, 123, *appeal dismissed* 53 NY2d 939).

Entered:  March 25, 2011                         Patricia L. Morgan
                                                 Clerk of the Court